UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PUBLIC UTILITY DISTRICT NO. 1 OF KLICKITAT COUNTY, a Washington public utility district,<br><br>                    Plaintiff,<br>     v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, SALLY JEWELL, in her official capacity as Secretary of the Interior, BUREAU OF INDIAN AFFAIRS, LAWRENCE S. ROBERTS, in his official capacity as Acting Assistant Secretary – Indian Affairs, STANLEY SPEAKS, in his official capacity as Regional Director Bureau of Indian Affairs, and DAVID L. SHAW, in his official capacity as Superintendent of the Yakama Agency Office,<br><br>                    Defendants. | NO: 1:15-CV-3201-RMP<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 17. The Court has reviewed Plaintiff's

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

Complaint, ECF No. 1, Defendants' Motion to Dismiss and Memorandum in Support (ECF No. 17), Plaintiff's Opposition to Defendants' Motion (ECF No. 19), and Defendants' Reply (ECF No. 20) and is fully informed.

## BACKGROUND

On August 6, 2014, Defendant David Shaw mailed an "Official Notice of Trespass" to Plaintiff informing Plaintiff that the United States Department of Interior, Bureau of Indian Affairs (BIA), had determined that a trespass had occurred on Indian forest land located on the Yakama Indian Reservation. ECF No. 1-1 at 9. The finding of Trespass was made based on the Washington State Department of Natural Resources, Southeast Region, Fire Investigation Report, Mile Marker 28 Fire prepared on May 21, 2014. *Id*. The Official Notice of Trespass stated that the fire investigator found "that a fire was ignited by the interaction between the limbs of a standing, live, approximately 80 foot tall Grand Fir and a Klickitat County Public Utility District energized conductor that created a line to ground fault," resulting in a fire that burned approximately 20,000 acres of forest and timberland owned by the Yakama Nation. *Id*. The Official Notice of Trespass further stated that damages, penalties, and costs associated with the trespass had not been determined and once they were determined the damages would be provided to Plaintiff in a separate correspondence. *Id*. The Official Notice of Trespass lacked any language instructing the recipient of any appeal rights or appeals process. *Id*.

On October 21, 2015, Defendant David Shaw sent Plaintiff a letter demanding payment for damages resulting from the Mile Marker 28 fire in the sum of $65,500,066.78 to be paid to the Superintendent, BIA, plus investigation costs, and accrued interest. ECF No. 1-1 at 6-7. It also informed Plaintiff that interest would continue to accrue at the rate of $13,924.22 a day. *Id*. at 7. The October 21, 2015, letter referenced the August 6, 2014, Official Notice of Trespass and repeated that the cause of the fire was contact between a live, standing Grand Fir and a Klickitat Public Utility District energized conductor. *Id*. at 6. The October 21, 2015, letter also provided appeal instructions, including where an appeal was to be sent, the appeal time period, and what an appeal letter should contain. *Id*. at 8.

On November 23, 2015, Plaintiff sent a Notice of Appeal/Objection to Demand to Defendant David Shaw and Defendant Stanley Speaks. ECF No. 1-1 at 1-5. The Notice of Appeal/Objection to Demand challenged both the factual findings of the trespass and the legal definition of a trespass.[1] *Id*. On November 25, 2015, Plaintiff filed a Complaint for Declaratory and Injunctive Relief with this Court. ECF No. 1.

The Complaint for Declaratory and Injunctive Relief mirrored Plaintiff's November 23, 2015, Notice of Appeal/Objection to Demand. It challenged the

---

[1] Defendants concede that Plaintiff's administrative appeal was timely. ECF No. 17 at 3.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

factual findings of the May 21, 2014, Washington State Department of Natural Resources report that the fire was caused by limbs of a green tree coming into contact with an electrical distribution line. ECF No. 1 at 6-7. Plaintiff specifically denied responsibility for the fire, alleging instead that an uninsured Indian logging company, Tee Pee Creek Logging, felled a tree onto a utility line resulting in the fire. *Id*.

Plaintiff challenged the Secretary's legal authority to expand the statutory definition of forest trespass to include unintentional wildfires, to impose liability for such fires, to demand treble damages for damage from fires, and to impose an interest rate of 8%. ECF No. 1 at 8-9. Plaintiff further alleged that Defendants' acts of sending the Official Notice of Trespass and the demand letter were *ultra vires* because the acts were beyond the Secretary's legal authority. ECF No. 1 at 9. Plaintiff requested a declaratory judgment that would (1) limit the definition of "forest trespass" to only intentional acts and exclude trespass by accidental fire, (2) limit treble damages to the illegal removal of forest products and not damage by fire, (3) find that Defendants were not entitled to collect pre-judgment interest, and that any judgment of interest is to be calculated under the Current Value of Funds Rate, and (4) find that Plaintiff was not liable for damages from the fire. ECF No. 1 at 10. Additionally, Defendants requested a permanent injection prohibiting Defendants from seeking to enforce 25 C.F.R. part 163 against Plaintiff in

1  connection with the Mile Marker 28 fire.  Defendants also requested an award of
2  attorney's fees and costs, and any other relief deemed just and proper.  *Id*.
3        On June 16, 2016, Defendants filed a motion to dismiss Plaintiff's
4  Complaint in accord with Fed. R. Civ. P. 12(b)(6), for failing to state a claim upon
5  which relief can be granted.  ECF No. 17.  Defendants argued that the claims
6  raised in Plaintiff's Complaint are not ripe for judicial review because there is no
7  final agency decision, and Plaintiff has not exhausted its administrative remedies.

## JURISDICTION

9        Defendants' challenge to Plaintiff's complaint relies on Fed. R. Civ. P.
10  12(b)(6).  ECF No. 17.  However, reference is also made to a Fed. R. Civ. P.
11  12(b)(1) challenge for lack of subject matter jurisdiction.  ECF No. 17 n. 3.  While
12  the challenge is not expressly raised in briefing, the Court can raise it *sua sponte*
13  and dismiss an action at any time that it determines it lacks subject matter
14  jurisdiction.  Fed. R. Civ. P 12(h)(3).
15        Plaintiff alleges that this Court has subject matter jurisdiction under 28
16  U.S.C. § 1331 as federal question jurisdiction since it is requesting injunctive and
17  declaratory relief under 28 U.S.C. §§ 2201-2202 and that the United States has
18  waived sovereign immunity under 5 U.S.C. § 702.  ECF No. 1 at 4.
19        Sovereign immunity is a jurisdictional bar:  unless Congress waives
20  sovereign immunity in a statute, federal courts lack jurisdiction to entertain a suit
21  against the United States or its agencies.  *U.S. v. Sherwood*, 312 U.S. 584, 586,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

(1941).  Under the general review provisions of the Administrative Procedure Act (APA), the United States only has waived sovereign immunity for suits arising from final agency action. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 882 (1990).  An agency action is not final until "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Darby v. Cisneros*, 509 U.S. 137, 146 (1993).

The action being challenged is not a final agency determination under 5 U.S.C. § 704, which states that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."  Plaintiff argues that the two letters sent by the BIA constitutes two separate agency actions: (1) the August 6, 2014, Official Notice of Trespass letter was a final determination that a trespass had occurred, and (2) the October 21, 2015, demand letter was a preliminary determination as to the value of damages and was subject to appeal as set forth in the text of the letter.  ECF No. 19 at 7-11.  Plaintiff argues that neither of the letters indicate that the avenue to appeal, which infers that an aggrieved person can access the courts for desired remedies. *Id.*

The Plaintiff relies on an Interior Board of Indian Appeals decision from 1976, which held that a notice of trespass was not subject to administrative appeal.  ECF No. 19 at 8 *citing Administrative Appeal of Dean Hansen v. Area Dr.*, 5 IBIA 250, 254 (1976).  However, this decision predates that the National Indian Forest

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

Resources Management Act (NIFRMA), which was enacted in November of 1990, and its provisions implemented through agency rulemaking in October of 1995. *See* General Forestry Regulations, 60 Fed. Reg. 52250-1 (October 5, 1995) (codified at 25 C.F.R. Part 163).  Currently, any challenge to action taken under 25 C.F.R. part 163 "shall be exclusively through administrative appeal" and shall be filed in accord with the provisions of the 25 C.F.R. part 2.  25 C.F.R. § 163.33. Under 25 C.F.R. 2.7(c), all written decisions, except final decisions under 20 C.F.R. 2.6(c), shall include a statement that the decision may be appealed pursuant to part 2.  A final determination under 20 C.F.R. 2.6(c) is made by the Assistant Secretary – Indian Affairs.  Furthermore, 25 C.F.R. 163.29(g) specifically states that a Notice of Trespass is intended to inform the trespasser (1) that a determination has been made that a trespass has occurred, (2) the basis for the determination, (3) an assessment of the damages, penalties and costs, (4) of the seizure of forest products, if applicable, and (5) that disposition or removal of Indian forest products taken in the trespass may result in civil and/or criminal action by the United States of the tribe.

      Plaintiff is accurate that the August 6, 2014, letter did not provide any information regarding the appeals process under part 2, but it also was not a decision of the Assistant Secretary, nor did it contain all five elements of a Notice of Trespass.  As such, it falls short of a final determination or a proper Notice of Trespass.  Only when the August 6, 2014, letter is read in conjunction with the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

October 21, 2015, letter, which contained the language required under 25 C.F.R. 2.7(c) setting forth the availability of an appeal, are all the elements of a Notice of Trespass present. Therefore, the October 21, 2015, letter alone was not a final determination.

The Court concludes that there is no final determination by the agency. As such, this court lacks subject matter jurisdiction in this matter. Even if subject matter jurisdiction existed in this matter, the case is not ripe for adjudication and fails to state a claim upon which relief can be granted.

## RULE 12(b)(6) CHALLENGE

In Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), they allege that subject matter of the complaint was not justiciable as the issues raised in Plaintiff's complaint were not ripe for judicial review. ECF No. 17.

**1.  The Case is Not Ripe for Judicial Review**

The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also . . . protect[s] the agencies from judicial interference." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). In determining whether an action is ripe, the court evaluates (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration."

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1211-1212 (9th Cir. 2006) *citing Abbott Labs*, 387 U.S. at 149.[2]

### A.     The Fitness of the Issues for Judicial Decision

The fitness of the issues for judicial decision is a two prong inquiry: (1) whether all parties agree that the issue tendered is a purely legal one; and (2) whether the actions at issue are a "final agency action" within the meaning of 5 U.S.C. § 704. *Abbott Labs*, 387 U.S. at 149. In this case, the issues pleaded in the complaint are not purely legal issues. Plaintiff directly challenges the factual findings of the BIA in paragraphs 33 and 34 of the Complaint and then requests a declaratory judgment finding them not liable under the NIFRMA and an injunction prohibiting further action against them by the BIA in regard to the fire. ECF No. 1 at 7, 10. As such, Plaintiff's argument that the issues presented are purely legal are

---

[2]Defendants also cite to an alternative three prong test addressing whether an action is ripe under *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998): "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." ECF No. 19 at 9. However, the second and third factors from *Ohio Forestry* are considered a single inquiry of the "fitness of the issues for judicial decision," in *Abbott Labs*.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

not supported by Plaintiff's complaint.  Second, as addressed above, the action being challenged is not a final agency determination under 5 U.S.C. § 704.

**B.     The Hardship to the Parties of Withholding Court Consideration**

Without showing irreparable injury, failure to exhaust administrative remedies serves as a bar to judicial intervention in the agency process. *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1975). Undoubtedly, Plaintiff may face the cost of litigation and the accrual of interest under the agency determination while pursuing the administrative appeal process. However, litigation expense does not constitute irreparable injury. *Id*. As such, Plaintiff failed to show sufficient hardship to justify judicial intervention prior to a final agency action.

Additionally, Plaintiff alleges that the Court's refusal to review the issues alleged in its Complaint will prejudice its defense against liability for the fire because the BIA itself shares in the liability. ECF No. 19 at 15-16. This argument in itself shows that the issues addressed in the Complaint include an unresolved factual dispute regarding who is liable for the fire making these issues not ripe for judicial review.

**2.     Plaintiff Should Exhaust Available Administrative Remedies**

The doctrine of exhaustion is well established in the jurisprudence of administrative law. *McKart v. United States,* 395 U.S. 185, 193 (1969). "The doctrine provides 'that no one is entitled to judicial relief for a supposed or

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

threatened injury until the prescribed administrative remedy has been exhausted.'"
*Id.* (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51(1938)).

Plaintiff also argues that exhaustion is not required because the issues involved are purely legal. ECF No. 19 at 18 *citing Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162-163 (1967). As discussed above, there are factual disputes alleged in the Complaint that would benefit from further agency adjudication.

Additionally, Plaintiff argues that administrative remedies would be futile because the BIA lacks the authority to find its own regulation invalid. The core of Plaintiff's argument is that the regulation as promulgated by the BIA in 25 C.F.R. § 163.29 exceeds its rulemaking legislative authority because 25 U.S.C. 3103(8) defines forest trespass as "the act of illegally removing forest products from, or illegally damaging forest products on, forest lands," and the 25 C.F.R. § 163.1 definition for trespass extended the definition to fire: "[t]respass can include any damage to forest resources on Indian forest land resulting from activities under contracts or permits or from fire." Congress gave the Secretary the authority to establish civil penalties for the commission of forest trespass as defined in 25 U.S.C. 3103(8), which, Plaintiff argues, did not extend to damage from fire. *See* ECF No. 19 at 4; 25 U.S.C. 3106(a)(1)(A). However, as discussed at length above, there is a current factual dispute which could result in liability being partially or fully laid at the feet of another entity. As such, this Court refuses to proceed on the issues raised in Plaintiff's Complaint until Plaintiff has exhausted its administrative

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11

1  remedies. Therefore, this case is dismissed without prejudice for further
2  administrative review.
3      Finally, Plaintiff argues that BIA is biased in this claim because it stands to
4  benefit financially from imposing the maximum penalties. ECF No. 19 at 20.
5  However, Congress granted BIA the authority to establish civil penalties, work
6  responsibly with the Department of the Interior for the detection and investigation
7  of forest trespass, and set forth responsibility and procedures for the assessment
8  and collection of civil penalties from acts of forest trespass. 25 U.S.C. 3106(a).
9  Therefore, Defendants are fulfilling their authority promulgated by Congress. Any
10 accusations of bias can be addressed once Defendants are allowed the opportunity
11 to make a final determination regarding the matter.

## CONCLUSION

13     In sum, this Court finds that it lacks subject matter jurisdiction over this case
14 and that Plaintiff's claims are not ripe for adjudication in court. Therefore, the
15 case is dismissed without prejudice to being refiled, if appropriate, after the Bureau
16 of Indian Affairs has reached a final disposition on Plaintiff's appeal.
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 17**, is **GRANTED**.

2. This matter is **DISMISSED without prejudice**.

The District Court Clerk is directed to enter this Order, provide a copy to counsel for Plaintiff and to Defendants, and **close this case**.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 13